# United States Court of Appeals
### For the Eighth Circuit
_____

No. 25-3084
_____

United States of America

*Plaintiff - Appellee*

v.

Rasheem Damonte Bogan, also known as Sheem

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 16, 2026
Filed: July 28, 2026
_____

Before L.R. SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

L.R. SMITH, Circuit Judge.

Rasheem Bogan, a member of the Fifth Street Gang (Fifth Street),[1] pleaded guilty to a RICO conspiracy under 18 U.S.C. § 1962(d) and unlawful possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He reserved the

_____

[1]Fifth Street is based out of Rock Island, Illinois, and known for violence with rival gangs.

right to appeal the denial of his pretrial motions based on the Juvenile Delinquency Act (JDA) and the alleged unconstitutionality of § 922(g)(1). The district court[2] sentenced him to 324 months' imprisonment concurrent with a separate 180 months' term from a separate conviction. We affirm.

## I. *Background*

In April 2006, Bogan, then age 14, joined several other Fifth Street members in a drive-by shooting targeting members of a rival gang in retaliation for an earlier shooting. The gunfire from Bogan's gang struck and killed a bystander. As a result of Bogan's participation in that killing, an Iowa state jury convicted him of first-degree murder. Subsequently, an Iowa appellate court reversed. Following the reversal, Bogan pleaded guilty to state charges of voluntary manslaughter, intimidation with a dangerous weapon, and going armed with intent. The state court sentenced him to imprisonment not to exceed 25 years. He was released from prison in 2014.

Within a year of his release, Iowa charged and convicted Bogan of being a felon in possession of a firearm. Bogan was initially imprisoned but then received parole a few years later. While on parole, he engaged in two high-speed chases with police, resulting in two more felony convictions and more time in prison. Following his release, Bogan resumed his gang activities with Fifth Street, including conspiring to distribute cocaine from 2017 well into 2020.

In June 2020, Bogan and other Fifth Street members approached a business establishment in Davenport, Iowa, with firearms. They mistook a bystander for a rival gang member and opened fire. Fifth Street's shots seriously wounded the bystander. Afterwards, some Fifth Street members exchanged gunfire with police officers. This time, unlike Bogan's juvenile offense, surveillance footage captured him firing a weapon. One Fifth Street member was killed. Not long after the firefight,

---

[2]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Bogan participated in an online group chat checking on the condition of other gang members.

The government charged Bogan with one count of RICO conspiracy and one count of being a felon in possession of ammunition. The RICO count identified four overt acts attributed to Bogan: the 2006 homicide and three acts attributable to the June 2020 shooting. Bogan filed pretrial motions to dismiss both counts. Bogan sought to dismiss the RICO count under the theory that the 2006 homicide could not count as an overt act under RICO because the JDA would have barred prosecuting him in federal court. He sought to dismiss Count 2 under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).[3] The district court denied his motions. Bogan entered a conditional guilty plea reserving the right to appeal the denials of his motions to dismiss.

## II. *Discussion*

"The standard of review on a ruling regarding a motion to dismiss an indictment varies based on the grounds for dismissal." *United States v. Williams*, 720 F.3d 674, 700 (8th Cir. 2013). We will "review de novo the district court's denial of the motion to dismiss the indictment based on its interpretation of the JDA." *United States v. Mendez*, 28 F.4th 1320, 1323 (9th Cir. 2022). We also apply de novo review to "the district court's denial of a motion to dismiss an indictment for failure to state an offense." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021).

Bogan argues that including the 2006 homicide in the RICO conspiracy charge violated his Fifth Amendment due process rights because (1) the JDA would have prohibited federal prosecution of him as a juvenile; (2) the circuits that allow pre-majority conduct in continuing-crime prosecutions relied on cases overturned by *Roper v. Simmons*, 543 U.S. 551 (2005), which recognized juveniles' diminished

---

[3]This argument is foreclosed by binding circuit precedent. *See, e.g.*, *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708, (2025). We thus affirm the district court with respect to this issue.

culpability; and (3) without that 2006 homicide, there were insufficient overt acts to sustain the RICO charge.

We begin with the JDA. This statute creates a separate procedural track for federal criminal offenses committed by juveniles. The question here is whether Bogan's age-14 conduct can serve as an overt act for the purposes of his adult federal RICO prosecution. We first look to the text of the statute:

> A juvenile alleged to have committed an act of juvenile delinquency, other than [certain maritime violations], shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in [certain sections of the Controlled Substances Act, the Controlled Substances Import and Export Act, or certain other sections of Title 18[4]], and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032.

Most circuits that have addressed the question interpret this statute to permit prior juvenile conduct to serve as a predicate for continuing crime, such as RICO, provided the defendant ratified that participation through continued involvement in the scheme after reaching the age of majority. *See, e.g.*, *United States v. Welch*, 15 F.3d 1202, 1209 (1st Cir. 1993); *United States v. Wong*, 40 F.3d 1347, 1366–67 (2d Cir. 1994); *United States v. Bams*, 858 F.3d 937, 948 (5th Cir. 2017); *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991); *Mendez*, 28 F.4th at 1327; *United States v. Delatorre*, 157 F.3d 1205, 1210 (10th Cir. 1998); *United States v. Cruz*,

---

[4]None of these excluded sections are implicated here.

805 F.2d 1464, 1477 (11th Cir. 1986). Of the circuits to consider the question, only the D.C. Circuit has categorically forbidden juvenile acts from serving as predicates for ongoing crimes. *United States v. Thomas*, 114 F.3d 228, 266 (D.C. Cir. 1997). The Fourth Circuit reads the JDA as barring the prosecution of "an adult in federal district court for crimes committed while a minor except in narrowly defined circumstances." *United States v. Spoone*, 741 F.2d 680, 686 n.2 (4th Cir. 1984).

We agree with the majority approach and "hold that a defendant who continues to participate in a conspiracy after reaching majority ratifies his prior conduct in the conspiracy, such that the conspiracy carries over into his majority. In this situation, the JDA is inapplicable." *Mendez*, 28 F.4th at 1327.

Here, the indictment sufficiently alleged Bogan's post-majority ratification through his continued participation in Fifth Street's racketeering activity. Because Bogan "continued his participation well into the age of majority," R. Doc. 333, at 3, inclusion of the pre-majority racketeering act does not require dismissal of the instant RICO conspiracy charge. We note also that to sustain the RICO conspiracy charge, the government did not need to prove that Bogan personally committed each racketeering act, for it was sufficient that he "agreed to participate in the conduct of the enterprise with the knowledge and intent that other members of the conspiracy would commit at least two predicate acts in furtherance of the enterprise." *United States v. Henley*, 766 F.3d 893, 908 (8th Cir. 2014) (citation modified).

Bogan looks to *Roper* for support. There, the Supreme Court endorsed the notion that juvenile criminal offenders' crime often "reflects unfortunate yet transient immaturity" as opposed to "the rare juvenile offender whose crime reflects irreparable corruption." 543 U.S. at 573. *Roper* does not require a different outcome. *Roper* and its progeny speak to concerns of unwarranted punishment for juvenile offenders based on their developmental immaturity at the time of the offense. Those cases, however, do not preclude consideration of juvenile acts when adult criminal activity shows no deviation from the same criminal activity after adulthood affords

an opportunity to abandon prior criminal pursuits. Indeed, courts have reached the same holding post *Roper*. *See, e.g.*, *Mendez*, 28 F.4th at 1327.

### III. *Conclusion*

For the foregoing reasons, the district court's denial of Bogan's motions to dismiss the indictment is affirmed.

_____